IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY FELTNER,<br><br>                Plaintiff,<br><br>vs.<br><br>WAL-MART STORES EAST, LP<br>d/b/a WAL-MART STORES<br>EAST I, LP | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, for his Complaint against Defendant Wal-Mart Stores East, LP, hereby state and allege as follows:

### JURISDICTION AND VENUE

1. Plaintiff is a resident of the State of Missouri.

2. Defendant Wal-Mart Stores East, LP d/b/a Wal-Mart Stores East I, LP (hereinafter "Defendant") is, and was at all times herein mentioned, a foreign limited partnership organized and existing under the laws of the State of Delaware, and maintains its principal place of business in the State of Arkansas, not having its chief and principal office and place of business in the State of Missouri, and is not a citizen or resident of the State of Missouri. Defendant may be served through its registered agent CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105Wal0

3. The actions and omissions of Defendant giving rise to this cause of action occurred in Randolph County, Missouri which is in the Northern Division of the Eastern District of Missouri. *See* L.R. 3 – 2.07.

## PARTIES

4. Plaintiff was formerly employed as a mechanic by a third party, Swift Transportation, that conducted business in and around a shop located on Defendant's property ("the Shop").

5. Defendant now owns and operates, and at all times relevant herein owned and operated, the Walmart Distribution Center store and property, located at 1309 Hwy 24 East, Moberly, Randolph County, Missouri.

6. WSE Management, LLC, general partner, and WSE Investment, LLC, limited partner are the sole partners comprising Wal-Mart Stores East, LP, doing business in Missouri as Wal-Mart Stores East I, LP.

7. WSE Management, LLC, at the time of the injury complained of herein and ever since, has been a foreign limited liability company organized and existing under the laws of the State of Delaware, with its chief and principal office and place of business in the State of Arkansas, and is not a citizen or resident of the State of Missouri.

8. WSE Investment, LLC, at the time of the injury complained of herein and ever since, has been and still is a foreign limited liability company organized and existing under the laws of the State of Delaware, with its chief and principal office and place of business in the State of Arkansas, and is not a citizen or resident of the State of Missouri.

9. WSE Investment, LLC, at the time of the injury complained of herein and ever since, has been and still is a foreign limited liability company organized and existing under

the laws of the state of Delaware, with its chief and principal office and place of business in the State of Arkansas, and is not a citizen or resident of the State of Missouri.

10. The sole member of both WSE Management, LLC and WSE Investment, LLC at the time of the injury complained of herein and ever since, has been and still is Wal-Mart Stores East, Inc.

11. At the time of the injury complained of herein and ever since, Wal-Mart Stores East, Inc. has been and still is a foreign corporation incorporated and existing under the laws of the State of Delaware with its principal place of business in the State of Arkansas, not having its chief and principal place of business in the State of Missouri, and is not a citizen or resident of the State of Missouri. On June 18, 2013, Wal-Mart Stores East, Inc. surrendered its authority to transact business in the State of Missouri. In sum, one-hundred percent of the membership interest in the two limited liability companies that form the limited partnership that is Defendant is owned by a non-citizen and non-resident of the State of Missouri.

**GENERAL ALLEGATIONS**

12. On or about February 11, 2010 Plaintiff was employed by Swift Transportation, acting in the course and scope of his employment while at the Center as a business invitee of Defendant.

13. On said date Plaintiff slipped and fell on ice while performing his normal job duties on a portion of the Center under the control of Defendant in that Defendant was responsible for the removal of snow and ice from the exterior of the shop where Plaintiff worked.

3

14. Based on the design and usage of the Shop, it was foreseeable that Plaintiff would be walking on the concrete parking lot where he was at the time of his fall.

15. Upon information and belief, Defendant's negligence and carelessness directly caused the fall in that:

    a. Defendant created a dangerous condition by allowing gutter drainage from the roof of the Shop to be discarded onto the concrete parking lot in front of the Shop;

    b. Defendant permitted and allowed ice to remain on the concrete parking lot in front of the Shop entrance, and therefore said concrete parking lot was not reasonably safe for Plaintiff's use;

    c. Defendant knew or by the use of ordinary care, could have known of the existence of the ice, but Defendant negligently and carelessly failed to use ordinary care to remove the dangerous condition, barricade the area, or adequately warn of said condition; and

    d. Defendant knew, or by the use of ordinary care, should have known, of the dangerous condition in that others had fallen and been injured under circumstances similar to Plaintiff's at or near the same place where Plaintiff was injured.

16. Under the authority granted by Mo. Rev. Stat. § 67.280, the City of Moberly has adopted a number of technical codes including but not limited to the Uniform Building Code, International Building Code, and International Property Maintenance Code. These codes provide requirements for the design, construction, and maintenance of structures, like the Shop, inside the City of Moberly.

17. Defendant's design, construction, and maintenance of the Shop violated the ordinances of the City of Moberly in that water collected by the Shop's gutters from the

Roof of the Shop drained out and over the concrete parking lot surrounding the Shop without adequate drainage.  The violation of these municipal codes constituted negligence per se under Missouri law.

18.	As a direct result of the aforementioned negligence and negligence per se of Defendant, Plaintiff sustained serious personal injuries which caused him both economic and non-economic damages in excess of $75,000.

19.	The acts and omissions of Defendant were carried out by its agents and employees, acting within the course and scope of their employment with Defendant.

WHEREFORE, Plaintiff Jeffrey Feltner, prays for judgment against Defendant in excess of $75,000, which is fair and reasonable under the circumstances, together with his costs herein expended, and for such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a jury in this action for all issues so triable.

Dated:  February 9, 2015				Respectfully submitted,

**LEAR WERTS LLP**

*Todd C Werts*
_____
Bradford B. Lear, Bar No. MO53204
Todd C. Werts, Bar No. MO53288
Sander C. Sowers, Bar No. MO57776
2003 W. Broadway, Ste. 107
Columbia, MO 65203
Telephone: 573-875-1991
Facsimile:  573-875-1985
Email:  lear@learwerts.com
Email:  werts@learwerts.com
Email:  sowers@learwerts.com

5